IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**TRAVIS WHITE, #79159**                                              **PLAINTIFF**

**VERSUS**                                      **CIVIL ACTION NO.  5:05cv165DCB-JCS**

**CHRISTOPHER EPPS, et al.**                                          **DEFENDANTS**

ORDER

The plaintiff, an inmate of the Mississippi Department of Corrections (MDOC), filed this complaint pursuant to 42 U.S.C. § 1983.  The named defendants are:  Christopher Epps, Commissioner of MDOC;  CCA Board of Directors;  Warden Waller;  Warden Ellis;  Warden Jackson;  Chief Walker;  Officer Collins;  Officer Griffin;  Officer Singleton;  Officer McDonald;  Officer Rice;  Officer Williams;  Officer Lewis;  and Emmitt Sparkman, Deputy Commissioner of MDOC.

The plaintiff's original complaint failed to assert any specific allegations against defendants Epps, CCA Board of Directors, Waller, Ellis, Jackson, Walker, McDonald and Sparkman.  On November 14, 2005, the plaintiff was ordered to file an amended complaint to specifically state how each of these named defendants violated his constitutional rights.  On December 5, 2005, the plaintiff filed  a "motion to amend" in response to the Court's Order.  Upon liberal review of the complaint and motion to amend submitted, the Court has reached the following findings and conclusions.

In order to maintain an action pursuant to § 1983, the plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or other law of

the United States.  West v. Atkins, 487 U.S. 42, 48 (1988); Daniel v. Ferguson, 839 F.2d 1124 (5th Cir. 1988).  The plaintiff has failed to assert any allegations against defendants Epps, CCA Board of Directors, Waller, Ellis, Jackson, Walker, McDonald and Sparkman in his complaint or motion to amend in response to the Court's Order.  These individuals are merely listed in the defendants section of his complaint form.  Even though this Court must liberally construe the pro se litigant's pleadings, this does not allow the Court to consider unpled facts.  See McFadden v. Lucas, 713 F.2d 143, 147 n.4 (5th Cir. 1983) (citing Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977)).  A pro se litigant must set forth facts giving rise to a claim on which relief may be granted.  Levitt v. University of Texas at El Paso, 847 F.2d 221, 224 (5th Cir.), cert. denied, 488 U.S. 984 (1988).  As stated above the plaintiff has failed to assert any allegations whatsoever against the above listed defendants.  Therefore, the Court finds that defendants Epps, CCA Board of Directors, Waller, Ellis, Jackson, Walker, McDonald and Sparkman, should be dismissed from this action, without prejudice.

**IT IS HEREBY ORDERED**

    1.  That defendants Epps, CCA Board of Directors, Waller, Ellis, Jackson, Walker, McDonald and Sparkman are dismissed, without prejudice, as defendants in this action.

    2.   That the plaintiff within 20 days of the date of this order shall provide this Court with the civil action number of every civil action or appeal which the plaintiff has had dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted.  Plaintiff shall also provide the name of the Court and name(s) of defendant(s) in each civil action identified.

    3.  That plaintiff's motion to amend [doc.#12] is granted and the pleading is

considered the plaintiff's amended complaint in response to the Court's Order of November 14, 2005.

    4. That the United States District Clerk is directed to issue summons to the remaining defendants, **Officer Collins, Officer Griffin, Officer Singleton, Officer Rice, Officer Williams and Officer Lewis,** who are employees of the Wilkinson County Correctional Facility.[1] The defendants are <u>required to respond to the complaints</u>.[2] The Clerk is directed to attach a copy of this Order to each complaint and amended complaint [doc.#12] that will be served on the named defendants. The United States Marshal shall serve the same pursuant to 28 U.S.C. § 1915(d).

    5. That the defendants file their answer or other responsive pleading in this cause in accordance with the FEDERAL RULES OF CIVIL PROCEDURE and the Local Rules of this Court.

    6. That subpoenas shall not be issued except by order of the Court. The United States District Clerk shall not issue subpoenas upon request of the <u>pro se</u> litigant, but shall instead forward the request to the Magistrate Judge assigned to this cause for review. The plaintiff shall submit all request for the issuance of subpoenas to the Magistrate Judge's office for review.

**The plaintiff should understand that this Order allowing process to issue against the above named defendants does not reflect any opinion of this Court that the claims**

---

[1] The court's order to amend also directed the plaintiff to provide the full names of each defendant. The plaintiff responded that he "has no knowledge of any defendant's first name, all defendants have always been addressed by 'officer' and their last name. . .".

[2] The parties are advised that this determination does not issue a finding regarding the exhaustion of the plaintiff's administrative remedies.

**contained in the complaint will or will not be determined to be meritorious.**

**It is the plaintiff's responsibility to prosecute this case. Failure to advise this Court of a change of address or failure to comply with any Order of this Court will be deemed as a purposeful delay and contumacious act by the plaintiff and will result in the dismissal of this case.**

SO ORDERED, this the 3rd day of January, 2006.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE
