IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**TRAVIS WHITE**   **PLAINTIFF**

**V.**   **CIVIL ACTION NO. 5:06cv165-MTP**

**UNKNOWN COLLINS, et al.**   **DEFENDANTS**

## ORDER

THIS MATTER is before the court on the Plaintiff's Motion to Compel Discovery [77] and Motion for Stay [76] pursuant to Federal Rule of Civil Procedure 56(f).  The court, having considered the submissions of the parties and the applicable law, finds that the Motions should be DENIED.

The court finds that Plaintiff's motion to compel responses to Request Nos. 2 and 7 of Plaintiff's First Set of Requests for Production, and Request No. 3 of Plaintiff's Second Set of Requests for Production should be denied, as the documents and/or information requested are either irrelevant to Plaintiff's claims and/or are not reasonably calculated to lead to the discovery of admissible evidence.  *See* Fed. R. Civ. P. 26(b).  Plaintiff's motion to compel the Defendants to produce color copies of the photos that were taken on February 12, 2003 (Request No. 6, First Set), the videotape of the cell extraction concerning the Plaintiff (Request No. 6, Second Set) and the policies and directives to staff concerning the use of tear gas (Request No. 3, First Set), should be denied as moot; the Defendants have indicated that the videotape, color copies of the requested photos, and policies have been produced to Plaintiff.  *See* Response [85] and Notice of Service [87].

Regarding Plaintiff's Motion to Stay [76], Rule 56(f) authorizes the court to "order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be

undertaken" when "a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition . . . ." Fed. R. Civ. P. 56(f).  While Rule 56(f) motions should be liberally granted, in order to justify a continuance, the "motion must demonstrate: 1) why the movant needs additional discovery and 2) how the additional discovery will likely create a genuine issue of material fact." *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534-35 (5th Cir. 1999).  Plaintiff must also show that he has been diligent in his efforts to conduct discovery.  *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 28 F.3d 1388, 1396 (5th Cir. 1994) (affirming denial of Rule 56(f) motion, reasoning that the plaintiffs failed to show how additional discovery would be anything other than a fishing expedition).  Further, plaintiff must "demonstrate how postponement and additional discovery will allow him to defeat summary judgment; it is not enough to 'rely on vague assertions that discovery will produce needed, but unspecified, facts.'" *Stearns*, 170 F.3d at 535; *see also Lee v. Stalder*, 223 Fed. Appx. 315, 318-19 (5th Cir. 2007) (affirming denial of inmate's Rule 56(f) motion, reasoning that he "failed to identify any unspecified (sic) facts which may be revealed through additional discovery").  Because the party resisting summary judgment does not bear a heavy burden, he "must conclusively justify his entitlement to the shelter of Rule 56(f) by presenting specific facts explaining the inability to make a substantive response . . . and by specifically demonstrating how postponement of a ruling on the motion will enable him . . . to rebut the movant's showing of the absence of a genuine issue of fact."  *Lee*, 223 Fed. Appx. at 319 (internal citations and quotations omitted).

In his Motion [76], Plaintiff asks this court to continue its ruling on the Defendants' Motion for Summary Judgment [71] until the Defendants have produced the documents he has

requested. The court finds that the Defendants have now produced to the Plaintiff the requested documents to which he is entitled, including the requested color photos, videotape, policies, the relevant incident and investigation reports, medical records and reports, and RVR's. As stated above, the Defendants are not required to produce the other documents requested by the Plaintiff, as they are either irrelevant and/or not calculated to lead to the discovery of admissible evidence. Accordingly, the court finds that the Plaintiff has ample documents to enable him to file an adequate response to Defendants' Motion for Summary Judgment.

IT IS, THEREFORE, ORDERED:

1. That Plaintiff's Motion to Compel Discovery [77] is DENIED.

2. That Plaintiff's Motion to Stay [76] is DENIED.

3. That Plaintiff is ordered to file a response to the Defendants' Motion for Summary Judgment [71] by May 5, 2008.

4. That the Clerk of Court is directed to mail a copy of this Order and the pending Motion [71] and supporting Memorandum [72] to the Plaintiff at his last known address and to make an appropriate docket entry certifying that the documents have been mailed as ordered.

SO ORDERED this the 4th day of April, 2008.

s/ Michael T. Parker
United States Magistrate Judge