IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**TRAVIS WHITE**                                                                                                  **PLAINTIFF**

**V.**                                                                         **CIVIL ACTION NO. 5:05cv165-MTP**

**UNKNOWN COLLINS, et al.**                                                                       **DEFENDANTS**

**ORDER**

THIS MATTER is before the court on the Plaintiff's Motion to Request Assistance from the Court [90]. The court, having considered the motion and the applicable law, finds that the Motion should be DENIED.

This court will not order the Mississippi Department of Corrections or Marshall County Correctional Facility ("MCCF") to take any action because they are not parties to this action and because the Plaintiff has not provided the court with any legal authority that would allow it to do so. *See, e.g., Toscana v. Cambra*, No. C00-1164SI(PR), 2003 WL 21439219, at *1 (N.D. Cal. June 10, 2003) (holding that court would not order the department of corrections to provide information to plaintiff because it was not a party to the lawsuit ). Further, the court is reluctant to interfere with the prison system's placement of inmates in certain facilities. *See Bell v. Wolfish*, 441 U.S. 520, 547-48 (5th Cir. 1979) (stating that it is well-settled that prison officials are given wide latitude in the day-to-day operations of the prison system, and the courts are reluctant to interfere unless presented with substantial evidence of patently unreasonable conduct).

Plaintiff claims that he is being denied legal assistance at MCCF, yet his motion demonstrates that he has access to basic legal materials, as he cites to legal authorities and makes legal arguments throughout the motion. Moreover, he apparently is able to communicate with

the court at will as indicated by the court docket.

The Defendants have had a summary judgment motion [71] pending since November 13, 2007, and the Plaintiff has yet to respond to it. Plaintiff has been housed at other facilities during this time, including facilities with "adequate" legal assistance, and yet did not respond to the motion. Nothing prevents the Plaintiff from stating his opposition to the motion or making legal arguments. The motion appears to be another attempt at a delay or stay of this matter, which has already been denied. *See* Order [88].

Plaintiff's alleged inability to review the videotape he possesses in no way prevents him from providing information regarding the events alleged in his complaint. Should the matter proceed to trial, the videotape may be viewed by the court at that time.

IT IS, THEREFORE, ORDERED:

1. That the Plaintiff's Motion [90] for assistance and for a transfer to another facility is DENIED.

2. Plaintiff's response to Defendants' Motion for Summary Judgment [71] is due by May 5, 2008.

SO ORDERED this the 17th day of April, 2008.

s/ Michael T. Parker
United States Magistrate Judge